UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO PEREZ, | ) | Case No. CV 13-2356 ODW (MRW) |
| Petitioner, | ) | |
| vs. | ) | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| JACKIE LACEY, D.A., | ) | |
| Respondent | ) | |

    The Court vacates the reference of this action to the Magistrate Judge and dismisses the action without prejudice for failure to exhaust claims in the state court.

\* \* \*

    Petitioner is currently a state prisoner housed in a local jail facility. According to the petition, he was convicted of a driving offense in mid-2012 and sentenced to county jail. The petition does not reveal whether Petitioner sought review of his conviction or sentence in the California Court of Appeal. There is

also no disclosure of the substance of any federal claim he presented to the California Supreme Court for review.

Instead, Petitioner filed a habeas action in this federal court in April 2013. The Court observes that Petitioner used the state judicial council's form petition (rather than the federal court form) and wrote "LAX Superior Court" at the top of his pleading. The Court suspects that Petitioner sought to present his claim in state court. However, he filed his action in federal district court.

Petitioner's federal action is therefore governed by AEDPA. That federal statute requires that Petitioner exhaust (that is, present) his claims in the California Supreme Court before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Moreover, on habeas review, this Court can only consider a claim for which the state courts issued a decision that was contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

According to the petition, Petitioner makes no express claim that he is being held in custody in violation of the Constitution. He also does not allege that he exhausted his claim by presenting it to any state court before filing in federal court. As a result, Petitioner's pleading is defective and subject to dismissal on its face.

Magistrate Judge Wilner issued an order to Petitioner noting the deficiencies with the habeas action. (Docket # 3.) Judge Wilner directed Petitioner to file a further statement indicating whether Petitioner intended to (a) dismiss the petition in order to pursue relief in state court, or (b) amend his federal petition to properly state an exhausted claim. Petitioner failed to submit anything in response to Judge Wilner's order.

\* \* \*

Petitioner's current habeas filing fails on its face to state a claim upon which habeas relief could be granted. If it "appears from the application that the

2

applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

From the face of the petition, it is clear that Petitioner failed to state an exhausted constitutional claim for relief. For the reasons set forth above, Petitioner is not entitled to pursue this federal habeas action. The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: May 15, 2013

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE